Mathews, J.
delivered the opinion of the court. The only question submitted by the counsel for the decision of this court, is whether the sale made in New-York by Mumford, the defendant, and the delivery of an order to the purchasers for the delivery of the cotton by his agents who were in possession of it, in this city, vest the property of the cotton in them—Whether the delivery of the order is to be considered and operate as a feigned delivery of the thing sold, and transfer to the purchasers the complete ownership of it, from the date of the order, to the exclusion of the claims of the defendants creditors.
The necessity of a delivery to effect a complete transfer of the dominion and property of the thing sold, and the mode and effect of it, whether the delivery be real or feigned, have been so fully investigated in the case of Durnford, vs. Brooks’ Syndics—3 Martin, 222, heretofore determined in this court, that it is useless in the present case to enlarge on the subject. The situation of the parties, in the case under consideration, supports the claim of the appellant more strongly than the circumstances of the case *26 alluded to did that of the Syndics of Brooks.— There the insolvent had personal possession of the goods, and had delivered part of them to the vendee. Here Mumford, at the time he made the sale of the cotton, had only possession of it by means of his agents, Talcott & Bowers, and therefore could make no real delivery, except by their intervention. The order to Talcott & Bowers, in the opinion of this court, is only evidence of the sale by Mumford, to the persons intervening and claiming the property, and does not amount to a transfer of the legal ownership and dominion of it, so as to prevent the creditors of the vendor from seizing and having it sold to satisfy their just claims, before actual delivery under the order.
We are of opinion that the judgment of the parish court was erroneous, in determining that the cotton, in the possession of the garnishees, is not subject to the attachment, and must be reversed; and it is therefore ordered, adjudged and decreed, that it be annulled, avoided and reversed. Proceeding to give such judgment here as ought to have been given in the court below, it is further ordered, adjudged and decreed, that the plaintiff and appellant recover from the defendant and appellee the sum of three hundred and twenty-three dollars and seventy-two cents, *27 with costs, to be raised by the sale of the property attached. See Maurin vs. Martinez & al. 5 Martin, March 1818.